[Dkt. No. 30]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DINA CASTRACANE-SEDLAC, | |
| Plaintiff, | |
| v. | Civil No. 20-6080-KMW |
| JEFFREY MASON, et al., | |
| Defendants. | |

## ORDER

THIS MATTER having come before the Court upon the motion of proposed intervenor, United Financial Casualty Company ("UFCC"), for an Order permitting UFCC to intervene in the above-captioned matter; and the Court noting that there is no opposition to the motion; and the Court having considered this matter pursuant to Fed. R. Civ. P. 78; and for the reasons that follow, UFCC's Motion is **DENIED**.

### BACKGROUND

Plaintiff Dina Castracane-Sedlac ("Plaintiff") commenced this action against Jeffrey Mason ("Defendant Mason"), Mason Courier Company ("Defendant Mason Courier" and together with Defendant Mason, "Defendants"), John Doe(s) (B-Z) and Jane Doe(s) (A-Z) arising from a motor vehicle accident between a vehicle

operated by Defendant Mason[1] and a vehicle operated by Plaintiff. *Complaint*, Dkt. No. 1-1. The case was subsequently removed to this Court on May 19, 2020. *Notice of Removal*, Dkt. No. 1.

On April 1, 2020, UFCC sent a Reservation of Rights letter to Defendants "declining coverage for the accident, based upon the fact that the vehicle involved in the accident was not an 'insured auto' as defined under the UFCC policy issued to Defendants." *Motion to Intervene*, Dkt. No. 30-1 at 6. Furthermore, counsel Cipriani & Werner, P.C. ("Counsel") was assigned to represent Defendant Mason Courier Company "under a reservation of rights based upon the [noted] restriction of coverage." *Id.*

UFCC continued its coverage investigation and on November 23, 2020, issued a declination of coverage letter to Defendants, "declining coverage, both defense and indemnification, on the

---

[1] It has been represented to the Court that Defendant Mason owned at least two automobiles. Defendant Mason owned a 2007 Pontiac G6 that he used in his business for Mason Courier Company. With respect to the 2007 Pontiac G6, Defendant Mason maintained a commercial automobile insurance policy through UFCC; UFCC issued a Commercial Auto Policy to named insured Jeffrey Mason and Mason Courier Company with a policy period of July 15, 2017 to July 24, 2018 (the "UFCC Policy"). *Motion to Intervene*, Dkt. No. 30-1 at 3. The UFCC Policy provides that coverage is afforded for those accidents which arise out of the ownership, maintenance or use of an "insured auto," which is defined as a vehicle specifically scheduled on the policy, or a "temporary auto substitute" being used for a scheduled auto. *Id.* at 4. Only the 2007 Pontiac G6 is listed on the declarations page of the UFCC Policy. *Id.* at 3. Defendant Mason also owned a 2014 Dodge Avenger (incorrectly identified on the police report as a Dodge Charger), which Defendant Mason was driving at the time of the accident at issue. The 2014 Dodge Avenger is not listed on the declarations page of the UFCC Policy. *Id.* at 6. UFCC asserts that the 2014 Dodge Avenger was not covered by the UFCC Policy. *Id.* at 2-9.

basis that the [automobile involved in the accident] was not an 'insured auto' as defined in the policy; that the [automobile involved in the accident] did not qualify as a 'temporary substitute auto' for the [insured automobile] because, pursuant to the policy, Jeffrey Mason owned both vehicles." *Id.* at 8. Furthermore, based on the November 23rd letter declining coverage, UFCC advised Defendants that "it would be withdrawing the defense of Mason Courier Company which was at that time being provided under a reservation of rights and advised that by copy of the declination of coverage letter, UFCC would be instructing defense counsel Cipriani & Werner, P.C. to withdraw from the action." *Id.*

On December 3, 2020, Counsel filed a Motion to Withdraw as Counsel for Defendant Mason Courier. *Motion to Withdraw*, Dkt. No. 19. On April 9, 2021, the Court held an on-the-record hearing regarding the Motion to Withdraw with counsel for UFCC in attendance. *Minute Entry*, Dkt. No. 29. During the hearing, and without discussing the merits of intervention, the Court granted leave for UFCC to file its Motion to Intervene for the Declaratory Judgement and terminated the Motion to Withdraw without prejudice to refile based on the outcome of the Motion to Intervene. *Id.*

On April 23, 2021, UFCC filed the present Motion to Intervene seeking to intervene to obtain a declaratory judgment that there

is no coverage under UFCC's insurance policy issued to Defendants, establish that it has no duty to defend or indemnify Defendants, and permit counsel assigned by UFCC to withdraw from the defense of Defendant Mason Courier. *Motion to Intervene*, Dkt. No. 30-1 at 9. Specifically, UFCC claims that the automobile at issue in this matter is not covered by the UFCC Policy, and therefore, UFCC has no duty to defend or indemnify Defendant Mason Courier. *Id*. In support of the Motion, UFCC asserts that the application is timely because it made the application upon the completion of its coverage investigation. *Id.* at 10. UFCC also claims it has an "unquestionable interest, insofar as it is the commercial auto carrier for Mason Courier Company with unambiguous policy language that indicates that coverage is afforded only for specifically listed vehicles and those qualifying as temporary substitutes which by definition, cannot be vehicles owned by the insured." *Id.* UFCC further argues that "[w]hile a defense was afforded to Mason Courier Company under a reservation of rights, that defense was subject to a determination as to the business use of the vehicle and the status of the vehicle being operated at the time of the accident, which was confirmed by Jeffrey Mason's [Examination Under Oath] testimony." *Id.* at 11. UFCC also claims that the declaration sought "is necessary to determine whether UFCC's assigned defense counsel may withdraw from the

representation of Mason Courier Company in the within matter, and to declare that UFCC has no indemnity obligations with regard to the claims made in the within lawsuit." *Id.* Finally, UFCC argues its interests will not be adequately represented because no existing party shares or can advocate for its interests. *Id.*

**DISCUSSION**

Federal Rule of Civil Procedure 24 provides two types of intervention: intervention of right and permissive intervention. *See* Fed. R. Civ. P. 24.

1. Intervention of Right

Federal Rule of Civil Procedure 24(a) provides, in pertinent part, on timely motion, the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

A litigant seeking to intervene under Rule 24(a)(2) must establish **each** of the following requirements: "1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action,

and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interest." *See Liberty Mutual Insurance Company v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998)).

UFCC fails to establish that it has a sufficient interest in the underlying litigation and, as such, is not entitled to intervene as of right under Rule 24(a). As noted above, to intervene as of right, an intervenor must have a significantly protectable interest in the case. *Treesdale*, 419 F.3d at 220. Such an interest has been described as more than a mere economic interest. *Id.* at 221; *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366, 33 V.I. 311, 318 (3d Cir. 1995). Further, courts have held that a contingent interest is not sufficient; the interest must be direct and sufficiently close to the dispute. *See Travelers Indemnity Company v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989); *CPL (Linwood), LLC v. Rossetti Roofing, Inc.*, No. CV 09-6228-RMB-KMW, 2010 WL 11570374, at *2 (D.N.J. July 28, 2010); *see also Restor-A-Dent Dental Lab'ys, Inc. v. Certified Alloy Prod., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984) (noting that an interest for intervention as of right "must be direct, as opposed to remote or contingent"). The Court of Appeals for the First Circuit explained in *Dingwell* that "[w]hen

the insurer offers to defend the insured but reserves the right to deny coverage . . . the insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue." *Id.* (citing *Restor-A-Dent Dental Laboratories, Inc.*, 725 F.2d at 874-876); *see also Deskevich v. Spirit Fabs, Inc.*, No. 4:20-CV-01387, 2021 WL 880429 (M.D. Pa. Mar. 9, 2021) (denying the insurer's motion to intervene to address coverage issues because the insurer's interest in the action was contingent on both the entry of judgment and a determination regarding coverage and thus was not sufficient under Rule 24(a)); *Carey v. City of Wilkes-Barre*, No. 05-CV-2093, 2008 WL 11492790, at *2 (M.D. Pa. Nov. 10, 2008) (noting that the lawsuit concerned liability under state law, "'not the respective rights and obligations of an insured and his insurer[ ] under [an] insurance policy'" and therefore any interest the insurer may have is "contingent on the resolution of the coverage issue").

This Court previously denied a motion to intervene in a case similar to the present circumstances. In *CPL (Linwood), LLC v. Rossetti Roofing, Inc.*, this Court denied a motion to intervene when an insurance carrier assigned to the defendant under a reservation of rights sought "to intervene to seek declaratory judgment and establish that it ha[d] no duty to defend or indemnify [the defendant]." 2010 WL 11570374, at *1. There,

this Court found that because the insurer had chosen to defend the defendant "subject to a reservation of rights, its interest in the liability phase of [the] case [was] contingent," and therefore, the insurer would not be permitted to intervene. *Id.* at *2; *see also Dingwell*, 884 F.2d at 638; *Deskevich*, 2021 WL 880429.

Here, as in *CPL*, UFCC's interest in the case is derived from the reservation of rights, making its interest contingent. Furthermore, UFCC has not cited to any case to support its argument that it has a protectable interest sufficient to entitle it to intervention of right under Rule 24. Notably, like in *CPL*, UFCC does not argue that it will be unable to resolve the coverage issues in a separate declaratory judgment action so it cannot argue that any alleged interest would be impaired by disposition of this action. *See CPL*, 2010 WL 11570374, at *2. Accordingly, UFCC is not entitled to intervene as of right.[2]

## 2. Permissive Intervention

If a non-party is not entitled to intervention as a matter of right pursuant to Rule 24(a), the Court may nevertheless permit

---

[2] Because the Court finds that UFCC does not have a sufficient interest in this litigation, the Court need not analyze the remaining requirements. *Treesdale*, 419 F.3d at 227 (finding that because the movant had not established a sufficient interest to intervene as of right, it need not proceed to the impairment inquiry); *CPL*, 2010 WL 11570374, at *2 (finding that because the movant did not have a sufficient interest in this litigation to satisfy Rule 24(a)(2), "the Court need not analyze the remaining requirements") (citing *Dingwell*, 884 F.2d at 637).

it to intervene under Rule 24(b).  Rule 24(b) provides that the Court may permit anyone to intervene who has a claim or defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b).  Courts have broad discretion in deciding a request for permissive intervention.  *Treesdale*, 419 F.3d at 227.   In  determining  whether  permissive  intervention  is appropriate, the Court must consider whether the intervention will cause undue delay or may prejudice the adjudication of the original parties' rights.  Fed. R. Civ. P. 24(b)(3).

The  Court  will  not  grant  UFCC  permissive  intervention because there is no common question of law or fact, and therefore, UFCC has failed to meet the requirements set forth in Rule 24(b). The Third Circuit held in *Treesdale* that a contingent financial interest  in  the  outcome  of  an  indemnification  action  is insufficient to demonstrate a common question of law or fact supporting  permissive  intervention.   419  F.3d  at  227-28. Specifically, the Circuit Court found that "[t]he declaratory judgment action turns on the interpretation of the contracts of insurance" whereas the personal injury suits have nothing to do with interpreting such insurance policies.  *Id.*  The Circuit Court concluded that "[w]here a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish  insurance  coverage,  he/she  can  not  accurately  claim

that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries [the insured] may have caused." *Id.* at 228 (citing *Liberty Mut. Ins. Co. v. Pac. Indem. Co.*, 76 F.R.D. 656, 660 (W.D. Pa. 1977)). This Court in *CPL* was "reluctant to infuse interpretations of the contract of insurance and insurance coverage issues into a case wherein the main causes of action [were] negligence and breach of contract with regard to a roofing job." 2010 WL 11570374, at n.2; *see also Deskevich*, 2021 WL 880429, at *3 (denying permissive intervention because the purpose of the case was to determine liability, not to decide questions of insurance coverage, and thus the intervention would not add anything to the litigation). The Court is similarly reluctant to infuse such interpretations of an insurance policy here where the main cause of action concerns alleged negligence surrounding an automobile accident. *Id.* Notably, UFCC does not assert any common question of law or fact in its Motion. Accordingly, because the Court finds no common question of fact or law with the main action, UFCC has failed to establish the requisite element necessary to grant permissive intervention.

Because UFCC does not meet the requisite element of Rule 24(b), the Court need not examine whether permitting the intervention will unfairly prejudice the original parties.

**CONCLUSION**

Consequently, for the reasons set forth above:

IT IS on this **8th** day of **October, 2021,** hereby

**ORDERED** that UFCC's Motion to Intervene [Dkt. No. 30] shall be, and hereby is, **DENIED**; and it is further

**ORDERED** that Counsel is granted leave to re-file the Motion to Withdraw as Counsel.

s/ Karen M. Williams
KAREN M. WILLIAMS
UNITED STATES MAGISTRATE JUDGE